J-S27015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHAWN DUELL | : | |
| | : | |
| Appellant | : | No. 2467 EDA 2016 |

Appeal from the PCRA Order July 11, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002216-2012

BEFORE: GANTMAN, P.J., OTT, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:                **FILED MAY 02, 2017**

Appellant, Shawn Duell, appeals from the order of the Chester County Court of Common Pleas, which dismissed as untimely his second petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On July 3, 2013, Appellant entered a negotiated guilty plea to robbery and persons not to possess firearms; the court sentenced Appellant to 7½ to 15 years' imprisonment, which included a mandatory minimum sentence of 5 years' imprisonment per 42 Pa.C.S.A. § 9712(a) (offenses committed with firearms), plus 5 years' probation. Appellant did not file a direct appeal. Appellant filed his first PCRA petition on September 29, 2014, claiming, *inter alia*, that his sentence was illegal under ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (decided

_____

*Retired Senior Judge assigned to the Superior Court.

June 17, 2013). The court appointed counsel, who filed a motion to withdraw and a no-merit letter on November 5, 2014. The court issued notice per Pa.R.Crim.P. 907 on December 2, 2014; Appellant did not respond. On January 7, 2015, the court denied PCRA relief and allowed counsel to withdraw. Appellant did not seek further review.

Appellant filed the current *pro se* PCRA petition on June 1, 2016, for relief under **Alleyne**, claiming both trial counsel and PCRA counsel were ineffective, based on their failure to pursue his **Alleyne** claim. The court issued Rule 907 notice on June 8, 2016; Appellant responded on June 27, 2016. On July 11, 2016, the court denied PCRA relief. Appellant timely filed a *pro se* notice of appeal on August 3, 2016. The court ordered Appellant to file a concise statement per Pa.R.A.P. 1925(b); Appellant timely complied.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances which excuse the late filing of a petition; a petitioner

- 2 -

asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2).

To invoke the "new facts" exception, the petitioner must plead and prove: "[T]he facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). The "new constitutional right" exception requires the petitioner to plead and prove: "[T]he right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii).

Instantly, Appellant's judgment of sentence became final on or about August 2, 2013, upon expiration of the 30 days for filing a direct appeal with this Court. **See** Pa.R.A.P. 903(a). Appellant filed the current *pro se* PCRA petition on June 1, 2016, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). **See also Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa.Super. 2013) (stating issues regarding legality of sentence must be presented in timely PCRA petition). To the extent Appellant attempts to invoke the "new facts" exception, the **Alleyne** decision and its Pennsylvania progeny do not constitute "new facts" under Section 9545(b)(1)(ii). **See Commonwealth v. Watts**, 611 Pa. 80, 23 A.3d 980 (2011) (stating judicial determinations are not "facts" within meaning of Section 9545(b)(1)(ii)).

Moreover, the "new constitutional right" exception provides no benefit to Appellant because **Alleyne** does not serve as an exception to the PCRA time-bar. **See Commonwealth v. Miller**, 102 A.3d 988 (Pa.Super. 2014) (holding that even if **Alleyne** announced new constitutional right, neither our Supreme Court nor U.S. Supreme Court has held that **Alleyne** applies retroactively, which is fatal to appellant's attempt to satisfy "new constitutional right" exception to timeliness requirements of PCRA).[1] Therefore, Appellant's petition remains time-barred, and the PCRA court lacked jurisdiction to review it. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2017

---

[1] Appellant also failed the 60-day rule. **See** 42 Pa.C.S.A. § 9545(b)(2). Further, Appellant's ineffective assistance of prior counsel claims do not qualify as exceptions to the statutory timeliness requirement. **See Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 753 A.2d 780 (2000).